United States District Court      Southern District of Texas

| | | |
|---|---|---|
| Jack W. McKenzie,<br><br>    Plaintiff,<br><br>versus<br><br>Michael J. Astrue,<br>Commissioner of Social Security,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action G-07-373 |

## Opinion on Summary Judgment

1. *Introduction.*

    The question is whether substantial evidence supports the commissioner's decision that Jack W. McKenzie is not disabled under the terms of the Social Security Act. It does.

    McKenzie seeks judicial review of the commissioner's decision denying his claims for disability insurance benefits. 42 U.S.C. §§ 405(g), 416(i) and 423. Both sides have moved for summary judgment.

2. *Standard of Review.*

    Judicial review is limited to determining whether there is substantial evidence in the record as a whole to support the commissioner's decision. *See Richardson v. Perales*, 402 U.S. 389 (1971). In cases of administrative-agency decisions like this, the function of judicial review is to ensure that the bureau employed an essentially fair process, invalidating not those decisions with which the court might disagree but those where governmental regularity has lapsed into an exercise of mere will.

    A decision unsupported by substantial evidence must fail. Substantial evidence means a level of proof that a reasonable mind might accept as adequate support of a conclusion. This court may not independently weigh the evidence, try issues afresh, or substitute its judgment for that of the secretary. *See Jones v. Heckler*, 702 F.2d 616 (5th Cir. 1983).

3.  *The Statutory Criteria.*

The law establishes a two-part test for determining disability. First, the claimant must suffer from a medically determinable impairment that can be expected to last for at least twelve continuous months. 42 U.S.C. § 423(d)(1)(A). Second, the impairment must be so severe that the claimant is unable to engage in substantial gainful activity. 42 U.S.C. § 423(d)(2)(A).

4.  *Background.*

After McKenzie was examined by doctors, he applied for Social Security benefits but was denied. He appealed.

At the hearing, doctors testified about his physical and psychological capabilities.

- Physical examination: His symptoms suggest pressure on areas surrounding nerves or on nerves.
- MRI analysis: The evidence suggests herniation – disc bulging. This bulging showed no foraminal encroachment – no pressing on the nerve roots or the lower spine.
- Psychological examination by James R. Markette, MD: His symptoms suggesting a bipolar disorder marked by severe depression, but with normal memory, no strange thoughts, and an ability to get along with others.
- Psychological examination by Milton C. Williams, MD: Symptoms suggesting decreased energy, high stress, paranoia, and a general inability to work with others, concluding he was unable to work.
- Glen F. Sternes, PhD, review of the psychological record: The symptoms suggested by Doctor Williams are not corroborated by Doctors Williams' records. The records list mood swings, mind-racing, and impulsive spending but no objective evidence of an inability to work.

McKenzie says the hearing officer erred in the review of the evidence by not presuming him disabled or finding him completely unable to work.

5.  *No Disability.*

Appendix 1 – the Listing of Impairments – presumes that you are disabled if you have specific physical deficits. Although McKenzie presents an array of medical symptoms, he does

not specify a physical listing that covers his problems.

The commissioner suggests – and the evidence points to – that McKenzie claims an impairment of the spine. Here, to presume a disability McKenzie must evince (a) a nerve root's being pressed or that (b) objective images show an impingement of the lower spinal cord.

McKenzie's physical examination resulted in a diagnosis of pressure on areas surrounding nerves or on nerves. This diagnosis was not specific.

MRI findings clarified the diagnosis by showing disc bulges did not compress root nerves nor did they affect the lower spinal cord.

This objective evidence combined with the symptoms in the physical examination show McKenzie has degenerative characteristics, but these are not covered by Appendix I. The hearing officer's conclusion was clearly reasonable.

6.  *Severe Depression.*

McKenzie says that the hearing officer ignored evidence about his severe depression; severe depression, coupled with his physical limitations, would have constituted sufficient evidence to find a disability.

The hearing officer considered McKenzie's bipolar disorder – including depressive symptoms. He did not ignore it; he found it unpersuasive.

7.  *Ability to Work.*

The hearing officer decided McKenzie's physical and psychological capabilities would not prohibit him from all employment. This was supported by testimony on McKenzie's residual functional capacity – his ability to work.

The consultive psychiatrist, Doctor Sternes, testified that McKenzie could do tasks and deal with others. His opinion on and the data supporting it are reasonable.

On the other hand Doctor Williams' conclusion was contradicted by the medical record and by testimony from another treating physician – Doctor Markette.

8. *Side-effects.*

McKenzie says that the hearing officer must have ignored evidence about disabling side-effects caused by medication because he did not mention them at the hearing.

All of the side-effects were self reported and nonobjective assertions. The doctors considered those assertions, and the hearing officer considered the record.


9. *Conclusion.*

The decision is supported by reasonable and substantial evidence.


Signed on June 20, 2008, at Houston, Texas.


                                            Lynn N. Hughes
                                 United States District Judge